UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY SHANEE MALDONADO,<br><br>Plaintiff,<br><br>v.<br><br>MULE CREEK STATE PRISON, et al.,<br><br>Defendants. | No.  2:23-cv-02008 DAD SCR P<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>AMENDED FINDINGS AND RECOMMENDATIONS |

      Plaintiff Billy Ray Shanee Maldonado, a state prisoner proceeding pro se, initiated this action with a complaint filed on September 15, 2023. (ECF No. 1.) By order filed on March 5, 2024 (ECF No. 5), plaintiff was ordered to file a completed in forma pauperis affidavit or pay the required court costs in the amount of $405.00. After the time granted expired without any response from plaintiff, the magistrate judge previously assigned to this case recommended the case be dismissed without prejudice. (ECF No. 6.) Thereafter, plaintiff filed objections to the findings and recommendations and a motion to proceed in forma pauperis. (ECF Nos. 7, 9.)

      Having reviewed this matter, the undersigned will vacate the recommendation to dismiss this action for failure to respond to the court's March 5 order. However, plaintiff's motion to proceed in forma pauperis should be denied. The court should find plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action and the court should order plaintiff to pay the $405 filing fee in order to proceed with this case.

1

### I. In Forma Pauperis Statute

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action . . . [in forma paupers] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in original)).  If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

### II. Has Plaintiff Accrued Three Strikes?

A review of actions filed by plaintiff reveals that plaintiff is subject to 28 U.S.C. § 1915(g). Plaintiff is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury.

Inspection of other cases filed by plaintiff has led to the identification of at least four cases that qualify as strikes. The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1. <u>Maldonado v. Yates</u>, E.D. Cal. No. 1:11-cv-1735-LJO-GSA (complaint dismissed on June 13, 2013, for failure to state a claim and explicitly held to count as a strike pursuant to 28 U.S.C. § 1915(g) (ECF No. 19));

2. <u>Maldonado v. Yates</u>, E.D. Cal. No. 1:11-cv-1885-AWI-JLT (complaint dismissed on January 17, 2014, for failure to state a claim and explicitly held to count as a strike pursuant to 28 U.S.C. § 1915(g) (ECF No. 16));

3. <u>Maldonado v. Yates</u>, E.D. Cal. No. 1:12-cv-0496-AWI-EPG (complaint dismissed on December 14, 2016, for failure to state a claim and explicitly held to count as a strike pursuant to 28 U.S.C. § 1915(g) (ECF No. 19));

4. <u>Maldonado v. Trimble</u>, E.D. Cal. No. 1:12-cv-1088-AWI-EPG (complaint dismissed on July 28, 2016, for failure to state a claim and explicitly held to count as a strike pursuant to 28 U.S.C. § 1915(g) (ECF No. 27)).

The strikes listed above were all incurred prior to plaintiff's initiation of the present action on September 15, 2023, and have not been overturned. Thus, plaintiff has accrued at least three strikes.

**III.  Does Plaintiff Meet the Imminent Danger Exception?**

Because plaintiff has accrued at least three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See <u>Andrews</u>, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." <u>Id.</u> at 1057 n.11.

Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet the burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. <u>White v. Colorado</u>, 157 F.3d 1226, 1231-32 (10th Cir. 1998). The "imminent danger" exception is

available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The court has reviewed plaintiff's complaint. (ECF No. 1.) Therein, he alleges that on March 25, 2023, C/O Falcon performed a standard cell search of plaintiff's cell and confiscated writing pens used to write legal material and for other purposes. (ECF No. 1 a 4-5.) Plaintiff filed a grievance about the confiscation of the pens and other items and the grievance was denied. (See id. at 12-15.) Plaintiff alleges the pens or other items were confiscated in violation of department policy and were not returned. (Id. at 5.) Plaintiff seeks damages. (Id.)

Plaintiff's allegations do not meet the imminent danger exception. The complaint fails to allege how the deprivation of writing pens or other items confiscated in the standard cell search placed him in danger. See, e.g., Turner v. California, No. 3:19-cv-2363 BAAS LL, 2020 WL 804889, at *3 (S.D. Cal. Feb. 18, 2020) (finding plaintiff's failure to "explain how the denial of his right to 'personal hygiene' placed him imminent danger" at the time he filed the complaint insufficient to meet imminent danger exception). Accordingly, plaintiff's request to proceed in forma pauperis should be denied.

**IV.  Order and Recommendation**

In accordance with the above, IT IS HEREBY ORDERED that the findings and recommendations filed on April 19, 2024 (ECF No. 6) are VACATED.

In addition, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 9) be denied.
2. The court finds plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action.
3. The court order plaintiff to pay the $400 filing fee in order to proceed in this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 15, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE